**IT IS ORDERED as set forth below:**



**Date: March 4, 2019**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBERS** |
| | : | |
| TERESA VONCILE BARNES, | : | BANKRUPTCY CASE |
| | : | 18-60371-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| GEORGIA DEPARTMENT OF HUMAN SERVICES, | : | ADVERSARY PROCEEDING |
| | : | No. 18-05247-LRC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TERESA VONCILE BARNES, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is the Georgia Department of Human Services' ("DHS") Motion for Entry of Default Judgment (the "Motion"). (Doc. 6.) DHS initiated this proceeding to challenge the dischargeability of a debt pursuant to 11 U.S.C. § 523.

## I. BACKGROUND

In its Complaint, DHS alleges that Debtor received food stamp benefits, pursuant to Georgia's Temporary Assistance for Needy Families Act ("TANF"), O.C.G.A. § 49-4-180, *et seq.*, from November 1, 2011 through December 31, 2012. (Complaint, Doc. 1, ¶ 9.) However, during this time, Debtor failed to report that she was receiving wages from her employer, Atlanta Eye Consultants. (*Id.* ¶ 10.)

DHS claims that Debtor's failure to disclose her employment income resulted in an overpayment of $7,903.00 in food stamps. (*Id.* ¶ 11.) On December 5, 2014, Debtor signed a "Waiver of Disqualification Hearing," (the "Waiver") wherein she admitted to failing to disclose her income and agreed to pay restitution and to a twelve-month disqualification from receiving further benefits. (*Id.* ¶ 13.) The Waiver includes an admission that Debtor "received benefits to which [Debtor was] not entitled because [she] intentionally failed to report the following information as required by program regulations: [Debtor] incorrectly reported [her] wages from Atlanta Eye Consultants." (*Id.* ¶ 14.)

Pursuant to the Waiver, Debtor was required to make monthly payments of $132.00 beginning January 15, 2015. (*Id.* ¶ 13.) Debtor made four payments between February 18 and April 13, 2015, totaling $528.00. (*Id.* ¶ 15.) Additionally, DHS intercepted $267.61 from Debtor's income taxes. (*Id.*) Debtor's remaining balance is $7,107.39. (*Id.* ¶ 16).

On June 22, 2018, Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. (Case No. 18-60371.) On October 3, 2018, DHS initiated this adversary proceeding seeking a determination that its claim against Debtor is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), & 1328(a)(2). (Complaint ¶ 26.) To this

date, Debtor has not filed an answer to the Complaint.[1] DHS moved for entry of default on December 12, 2019, which the Clerk of Court entered the next day. (Doc. 5.) DHS now moves the Court to enter default judgment against Debtor.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 is made applicable in adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7055. FED. R. BANKR. P. 7055. Rule 55 provides that a plaintiff may obtain a default judgment against a defendant who "has failed to plead or otherwise defend[.]" FED. R. CIV. P. 55(a). However, "a defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," *id.,* but before granting a motion for default judgment, the Court must ensure that those well-pleaded allegations state a plausible claim for relief. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Section 523(a)(2)(A) excepts from discharge debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To establish that the debt is excepted from discharge under § 523(a)(2)(A), the creditor must prove four elements: (1) the debtor made

---

[1] However, Debtor admitted that the debt she owes to DHS is nondischargeable in the Chapter 13 plan she filed in the underlying case. (*See* Case No. 18-60371, Doc. 39, at 6).

3

a false representation, other than an oral statement respecting the debtor's financial condition, with the intent to deceive the creditor; (2) the creditor relied on the misrepresentation; (3) the creditor's reliance was justifiable; and (4) that the creditor was damaged as a result of the misrepresentation. *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996).

A false representation, as required by the first element, "may be implied from conduct or may consist of concealment or non-disclosure where there is a duty to speak." *Wood v. Wood (In re Wood)*, 245 F. App'x 916, 918 (11th Cir. 2007) (internal quotations omitted). Here, Debtor had a duty to report that she was receiving income from her employer and by failing to report that income, Debtor created the false pretense that she was entitled to receive food stamps. Accordingly, the first element of § 523(a)(2)(A) is satisfied.

The second element, that the creditor relied on the debtor's misrepresentation, requires showing that the creditor's decision was influenced by the debtor's statement. *Ga. Dep't of Human Servs. v. Greathouse (In re Greathouse)*, 2016 WL 3974197, at *3 (Bankr. N.D. Ga. July 1, 2016). TANF is a need-based program that considers the applicant's income and household size. *See* GA. COMP. R. & REGS.. § 290-2-28-.13(4). Therefore, Debtor's failure to disclose her income was a misrepresentation of her need for assistance, which DHS relied on when it determined that Debtor was eligible to receive benefits.

The third element, that the creditor's reliance on the debtor's statement is justifiable, is a subjective test that examines the "particular qualities and characteristics of the plaintiff and circumstances of the particular case." *Duncan v. Bucciarelli (In re Bucciarelli)*, 429

4

B.R. 372, 376 (Bankr. N.D. Ga. 2010). Justifiable reliance is a lower standard than reasonable reliance. *Field v. Mans*, 516 U.S. 59, 61 (1995). Generally, so long as the creditor has no reason to think that it is being deceived, its reliance is justified. *Santa Ana Unified School District v. Montgomery (In re Montgomery)*, 489 B.R. 609, 626 (Bankr. N.D. Ga. 2013). Nevertheless, reliance is not justified if "a cursory investigation can reveal the representation's falsity." *Gurta v. DeLong (In re DeLong)*, 2014 WL 4059790, at *5 (Bankr. N.D. Ga. July 14, 2014). Here, none of the facts of the Complaint suggest that DHS had any reason to believe Debtor was employed and therefore ineligible to receive benefits.

The fourth element requires showing that the statement caused the creditor to suffer a loss. *In re Johannessen*, 76 F.3d at 350. Because DHS has alleged that Debtor's failure to disclose her income caused it to overpay $7,903.00, DHS has alleged that it suffered a loss.[2]

## **CONCLUSION**

Having considered the allegations in DHS's Complaint,

**IT IS HEREBY ORDERED THAT** DHS's Motion for Entry of Default Judgment is **GRANTED**, and DHS's claim for $7,107.39 is excepted from discharge in its entirety in Debtor's Chapter 13 case.

**[END OF DOCUMENT]**

---

[2] Because § 523(a)(2)(A) provides DHS with the relief it requests, the Court will not address DHS's assertion that the debt is excepted under §§ 523(a)(4).

5

**<u>DISTRIBUTION LIST</u>**

Teresa Voncile Barnes
138 Surge Stone Lane
Stockbridge, GA 30281

Karrollanne K. Cayce
Office of the Attorney General
40 Capitol Square, SW
Atlanta, GA 30334

Talitha S. Fleming
T. Fleming & Associates, LLC
Suite 180
4751 Best Road
Atlanta, GA 30337

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303